ORIGINAL

# In the United States Court of Federal Claims

No. 17-1243C
(Filed: February 8, 2018)

* * * * * * * * * * * * * * * * * * * * * * * * * *
\*
**CHUVON GODFREY ROBERTS,**   \*
  \*
    **Plaintiff,**   \*
  \*
    v.   \*
  \*
**THE UNITED STATES,**   \*
  \*
    **Defendant.**   \*
  \*
* * * * * * * * * * * * * * * * * * * * * * * * * *

FILED
FEB - 8 2018
U.S. COURT OF
FEDERAL CLAIMS

---

## ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

    Plaintiff pro se Chuvon Godfrey Roberts is a citizen of the Bahamas, and is incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia. On August 3, 2015, Plaintiff's 32-foot long go-fast vessel, the Intrepid, was pursued and detained by the United States Coast Guard ("Coast Guard") vessel CGC DEPENDABLE. DiMarco Aff. 2. Plaintiff alleges that he was traveling within the territorial waters of the Bahamas at the time, and that the Intrepid's registration numbers were visible, though the vessel bore no flag. Compl. 2. Upon observing the vessel heading north from Jamaica toward Cuba, the CGC DEPENDABLE requested a "state of no objection" to conduct a "right of visit" boarding on the vessel from United States Coast Guard District Seven, which was granted pending confirmation that the vessel bore no indicia of nationality. DiMarco Aff. 2. While in pursuit, the CGC DEPENDABLE observed three of the four crew members onboard the vessel begin to throw large bales and fuel drums overboard. Id. Upon reaching the vessel, the CGC DEPENDABLE fired warning shots at the front of the vessel

---

[1] This background is derived from Plaintiff's complaint and exhibits.

in an attempt to force the vessel to stop. Id. at 2-3. After the warning shots proved ineffective at halting the vessel, the Coast Guard used "disabling fire" to incapacitate the port engine. Id. at 3.

Upon reaching the vessel, the Coast Guard found no indicia of nationality, as the vessel flew no flag, and no other evidence of home port, port of registry, or vessel registration numbers, and therefore boarded the vessel. Id. United States Coast Guard District Seven granted a second "state of no objection" to treat the vessel as one of no nationality, subject to the jurisdiction of the United States. Id. Twenty-one bales and four smaller bundles were recovered from the vessel. Id.

After Plaintiff and the other crew members were transferred to the CGC DEPENDABLE, along with the 21 bales and four bundles which later tested positive for marijuana, the Coast Guard destroyed the Intrepid, as it was considered to be a navigational hazard. Id. The bales and bundles contained over 100 kilograms of marijuana. Id. Plaintiff alleges that his vessel, which is registered in the Bahamas, was within the territorial waters of the Bahamas at the time and that the Coast Guard did not have the authority to stop or destroy the boat. Compl. 2.

On August 7, 2015, Plaintiff and the three other crew members were transferred to the custody of United States law enforcement officials at Guantanamo Bay, Cuba, along with a portion of the seized marijuana and other evidence recovered by the Coast Guard, when the CGC DEPENDABLE made a routine fuel stop. DiMarco Aff. 3. That same day, Plaintiff pleaded guilty in the United States District Court for the Southern District of Florida to three counts of conspiracy to possess with the intent to distribute marijuana while on a vessel subject to the jurisdiction of the United States. Compl. 1. On December 10, 2015, Plaintiff was sentenced to 60 months in prison. Id. at 2. Plaintiff seeks $20,000,000 in damages for personal injury and loss of the Intrepid, as well as his immediate release from prison. Id. at 7; Pl.'s Mot. 6.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

2

28 U.S.C. § 1491(a)(1) (2016). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiff names Tracy Johns, the warden of the D. Ray James Correctional Institution as Defendant in this matter. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

The gravamen of Plaintiff's complaint is a challenge to his arrest and incarceration for conspiracy to possess with the intent to distribute marijuana while on a vessel subject to the jurisdiction of the United States. Compl. 1. In fact, Plaintiff has styled his complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). This Court does not have the authority to grant writs of habeas corpus, nor does it have jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole . . . ." 28 U.S.C. § 2241(a) (2016); see Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (per curiam); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008). Nor does this Court have the authority to review the decisions of other federal courts. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). Plaintiff also alleges that his Miranda rights were violated by the Coast Guard, and that he was subjected to an improper search and seizure, but this Court lacks jurisdiction over these claims, as the Fourth Amendment is not money-mandating and this Court does not have authority over criminal matters. Joshua, 17 F.3d at 379; LaChance v. United States, 15 Cl. Ct. 127, 130 (1988) (finding that the Fourth Amendment is not money-mandating).

Plaintiff alleges a violation of international law, as well as of the "Maritime Agreement" between the United States and the Bahamas, but this Court lacks jurisdiction over alleged violations of international treaties or agreements, or international law. 28 U.S.C. § 1502 (2016) ("[T]he United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."); Pikulin v. United States, 97 Fed. Cl. 71, 77-78 (2011) (finding that generally, "multinational agreements do not create enforceable obligations"); Phaidin v. United States, 28 Fed. Cl. 231, 234 (1993) ("[T]he Tucker Act contains no language permitting this court to entertain jurisdiction over claims founded upon customary international law." (internal footnote omitted)).

Plaintiff alleges trespass, emotional, physical, and mental anguish, harassment, and defamation, but because these claims sound in tort, this Court lacks jurisdiction to entertain them. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 704 (2016) (finding that trespass sounds in tort). Plaintiff invokes the Alien Tort Claims Act, but jurisdiction over claims brought pursuant to this statute are vested exclusively in the district courts. 28 U.S.C. § 1350 (2016); The Yisra'el Nation v. United States, 99 Fed. Cl. 711, 713-14 (2011).

3

Plaintiff appears to allege unspecified civil rights violations, as well as a violation of his due process rights. This Court does not have jurisdiction over these claims, as the Due Process Clause is not money-mandating, and jurisdiction over civil rights violations is vested exclusively in the district courts. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the Due Process Clauses of the Fifth and Fourteenth Amendments are not money-mandating and therefore are insufficient as a basis for jurisdiction); Harris v. United States, No. 16-658C, 2016 WL 6236606, at *3 (Fed. Cl. Oct. 25, 2016), aff'd, 686 F. App'x 895 (Fed. Cir. 2017); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009).

Although this Court has jurisdiction over Fifth Amendment takings claims, which requires compensation for property taken by the Government for public use, Plaintiff has not alleged facts giving rise to a Fifth Amendment taking. It is well established that "[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." See, e.g., AmeriSource Corp. v. United States, 525 F.3d 1149, 1153 (Fed. Cir. 2008) (finding that seizure of pharmaceuticals to enforce criminal laws was within the Government's police powers); Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1332 (Fed. Cir. 2006) (finding that seizure of computer cooling fans for customs violations was a "classic example of the government's exercise of the police power . . ., an exercise that has not been regarded as a taking for public use for which compensation must be paid"); Steward v. United States, 80 Fed. Cl. 540, 543 (2008) (finding that "loss, depreciation or damage of items confiscated in the context of a criminal investigation cannot be the basis of a takings claim in this court").

In addition to monetary damages, Plaintiff requests that this Court order his "immediate release from confinement by the United States Government . . . ," and moves for a preliminary injunction and "temporary relief on bond," and suppression of evidence illegally obtained by Defendant. Compl. 7; Pl.'s Mot. 1-2, 5. However, this Court's authority to grant equitable relief is limited to certain tax cases, bid protests, and situations where such relief is an "incident of and collateral to" a monetary judgment. 28 U.S.C. §§ 1491(a)(2)-(b), 1507-08 (2016); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). As these conditions are not met here, this Court lacks authority to grant Plaintiff's requested equitable relief.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiff's "motion for temporary relief on bond" is **DENIED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**